UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| ANGEL WILCOX, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | NO. 2:19-CV-21 |
| FCI BECKLEY | ) | |
| Defendant | ) | |

**ORDER ON APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES AND REPORT AND RECOMMENDATION**

Plaintiff Angel Wilcox has filed a Motion [Doc. 1] to proceed *in forma pauperis.* The Motion is before the United States Magistrate Judge pursuant to 28 U.S.C. § 636, and the standing orders of this Court. Ms. Wilcox is representing herself in this action.

The purpose of 28 U.S.C. § 1915 is to ensure that indigent litigants have meaningful access to the courts. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342, 69 S.Ct. 85 (1948); *Neitzke v. Williams*, 490 U.S. 319, 324, 109 S.Ct. 1827 (1989). The statute therefore allows a litigant to commence a civil or criminal action in federal court without paying the administrative costs of the lawsuit. *Denton v. Hernandez*, 504 U.S. 25, 27, 112 S.Ct. 1728 (1992).

The Court's review of an *in forma pauperis* application is normally based solely on the affidavit of indigence. *See Gibson v. R.G. Smith Co.*, 915 F.2d 260, 262-63 (6th Cir. 1990). The threshold requirement which must be met in order to proceed *in forma pauperis* is that the petitioner show, by affidavit, the inability to pay court fees and costs. 28 U.S.C. §1915(a). However, one need not be absolutely destitute to enjoy the benefit of proceeding *in forma pauperis*. *Adkins,* 335 U.S. at 342, 69 S.Ct. at 90. An affidavit to proceed *in forma pauperis* is sufficient if its states that the petitioner cannot, because of poverty, afford to pay for the costs of litigation and

still pay for the necessities of life. *Id.* at 339, 69 S.Ct. at 89. The decision to grant or deny such an application lies within the sound discretion of the Court. *Phipps v. King*, 866 F.2d 824, 825 (6th Cir. 1988).

In the present case, the petitioner's Application to Proceed Without Prepayment of Fees and petitioner's economic status have been considered in making the decision of whether to grant leave to proceed *in forma pauperis*. The application sets forth grounds for so proceeding. The Application to Proceed Without Prepayment of Fees [Doc. 1], therefore, is **GRANTED**.

The Clerk is **DIRECTED** to file the complaint without prepayment of costs or fees. *Gibson*, 915 F.2d at 262-63; *see Harris v. Johnson*, 784 F.2d 222 (6th Cir. 1986). **The Clerk shall not issue process, however at this time.**

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), the district court may dismiss a complaint as frivolous or if it fails to state a claim upon which relief can be granted. *See also Neitzke*, 490 U.S. 319, 109 S.Ct. 1827.[1] Plaintiff filed this complaint on February 12, 2019 on behalf of her brother, Danny Wilcox, an inmate at FCI Beckley [Doc. 2]. Plaintiff specifically alleges that Defendant mentally and physically abused her brother, including threatening physical violence. As relief, Plaintiff asks for the Court to order Defendant to "treat inmates with respect," move Mr. Wilcox to another prison for the remainder of his sentence, and to hold Defendant employees responsible for their actions [*Id.* at pg. 3].

In order for Plaintiff to have standing to bring a suit, she must show that she "suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Spokeo, Inc. v. Robins*, 136 S.Ct. 1540, 1548 (2016)

---

[1] Plaintiff herein is not a prisoner. However, 28 U.S.C. § 1915, despite its references to prisoners, is not limited to prisoner suits. *United States v. Floyd*, 105 F.3d 274, 36 Fed. R. Serv. 3d 1330 (6th Cir. 1997) and *Powell v. Hoover*, 956 F. Supp. 564 (M.D.Pa. 1997).

(quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). As relevant here, "[f]or an injury to be particularized, it must affect the plaintiff in a personal and individual way." *Spokeo, Inc.*, 136 S.Ct. at 1548 (quoting *Lujan*, 504 U.S. at 560, n. 1)). However, Plaintiff does not give any basis for standing in bringing this lawsuit on behalf of her brother. She does not allege to be his guardian nor does she allege to have power of attorney on his behalf. She is not bringing a wrongful death suit as his personal representative or next of kin. She gives no indication of any sort of ability to be a third party representative for him in this case. Plaintiff has no "personal stake" in this claim. *See Baker v. Carr*, 369 U.S. 186, 204 (1962). Therefore, the Court finds that Plaintiff does not have standing to bring this suit.

The Court also notes that Plaintiff resides in Johnson City, Tennessee and Defendant is located in Beckley, West Virginia. However, as Plaintiff does not allege any monetary damages, she does not satisfy the requirements for diversity of citizenship under 28 U.S.C. § 1332(a). Plaintiff also does not claim any federal statute under which she seeks relief. The undersigned finds that this Court lacks jurisdiction over the subject matter of the suit.

Accordingly, it is **RECOMMENDED** that the Complaint be **DISMISSED** under 28 U.S.C. § 1915(e) for failure to state a federal claim upon which relief can be granted, but without prejudice to the Plaintiff's rights to re-file in the appropriate court. This Complaint lacks any arguable basis for a recovery in this Federal Court due to lack of standing and jurisdiction. *Neitzke*, 490 U.S. 319, 109 S.Ct. 1827.

This matter is to be presented to the District Judge pursuant to this Report and Recommendation under the authority of *Gibson v. R.G. Smith Co.*, 195 F.2d at 263, wherein the

Court states that such matters proceed automatically to a district judge for examination of the complaint after a magistrate judge has granted the petition to proceed *in forma pauperis*.[2]

Respectfully submitted,

s/ Clifton L. Corker
UNITED STATES MAGISTRATE JUDGE

---

[2] Any objections to this report and recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Crim. P. 59(b)(2). Failure to file objections within the time specified waives the right to review by the District Court. Fed. R. Crim. P. 59(b)(2); *see United States v. Branch*, 537 F.3d 582 (6th Cir. 2008); *see also Thomas v. Arn*, 474 U.S. 140, 155 (1985) (providing the failure to file objections in compliance with the time period waives the right to appeal the District Court's order). The District Court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive, or general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).